

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Limits*
*0-152/*

Hon. Joe Bailey Humphrey
County Attorney
Crockett, Texas

Dear Sir:

Opinion No. 0-2619
Re: Whether conviction of a school
trustee of a felony, trial be-
fore the court without a jury,
constitutes an automatic re-
moval from office.

In your letter of August 9, 1940, you submit the
following facts; a trustee of a common school district,
upon a plea of guilty before the court without a jury, has
been convicted of operating an automobile while under the
influence of intoxicating liquor, a felony, and his punish-
ment was fixed at a fine and confinement in jail. The
judgment of conviction does not embody within it an order
removing the defendant from the office of school trustee.
After such conviction the County Board of School Trustees
named and appointed another person to serve as trustee in
place of the convicted man. You desire our opinion as to
whether the conviction of the trustee resulted in his re-
moval from the office, or whether he could continue to
hold the office until other proceedings should be employed
to remove him.

Article 5968, Revised Civil Statutes, reads as
follows:

"All convictions by a petit jury of any
county officers for any felony, or for any mis-
demeanor involving official misconduct, shall
work an immediate removal from office of the
officer so convicted. Each such judgment of
conviction shall embody within it an order re-
moving such officer."

The above statute speaks only of convictions by
petit juries, perhaps because when it became law there

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Joe Bailey Humphrey, page 2.

could be no conviction of a felony except upon a jury trial. Article 10a, C. C. P., giving to the defendant the right to waive a jury in a felony case less than capital, upon a plea of guilty and with the consent of the District Attorney and of the Court, was not enacted until 1931. We are more inclined to think, however, that in passing Article 5968, with its requirement of a jury conviction, the Legislature had in mind Section 24, of Article 5, of the State Constitution, reading as follows:

> "County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury."

From the opinion of the Supreme Court in Grimes vs. Thomas, 104 S.W. 1058, 101 Tex. 36, we quote:

> "It is contended that right to the office is secured by the Constitution and that it can only be taken away, either temporarily or permanently, by removal of the incumbent by the district judge, for causes set forth in writing and found by a jury to be true as prescribed by section 24.

> "It is well established by the authorities that under a Constitution like this there is no power in the Legislature to authorize a removal so provided for otherwise than in the prescribed mode, and if a temporary suspension of the officer, during the pendency of valid proceedings to remove and as an incident of such proceedings were equivalent to a removal, the argument would be complete. We thus state the character of the suspension as temporary and incidental to the trial of a legal and valid proceeding to remove because that is all that exists in this case, as well as for the reason that we do not doubt that there might be attempts at suspensions as well as at removals that would violate the Constitution."

Hon. Joe Bailey Humphrey, page 3.

In State ex rel. Hale vs. O'Mears, County Judge et al, 74 S.W. (2) 146, action was to remove a county judge and the four county commissioners of Dimmit County. The trial was to a jury but the court instructed a verdict for the defendants. From the opinion of Judge Smith of the San Antonio Court of Civil Appeals we quote:

"In his first, second, third, and fourth propositions relator contends that under the constitutional provision here invoked a jury alone can pass upon the issue of whether an official is guilty or innocent of improper acts charged against him in a case of this character, and that therefore the trial judge erred in directing a verdict for appellees. The proposition is correct, in a general sense, in that no official may be removed from office for acts of incompetency or misconduct unless and until he has been found guilty of such acts, by a jury of his peers; a district judge has no power to remove an official in the absence of such jury finding."

A defendant in a felony case does not have the unqualified right to waive a jury. He can do so in cases less than capital with the consent and approval of the district attorney and district judge. Where such consent and approval is given and as a consequence thereof no conviction by a petit jury is had, we are constrained to hold that Article 5968 does not apply. Our opinion follows that the trustee in question was not removed by this conviction and continues to hold his office. Our Opinion No. O-1521 is limited accordingly.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

APPROVED AUG 23, 1940

_[signature]_

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:jm

